IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIM EPPENSTEIN and DEBORAH EPPENSTEIN, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 15-2188 |
| | : | |
| v. | : | |
| | : | |
| BERKS PRODUCTS CORP., BERKS COUNTY COMMISSIONERS, MUHLENBERG SCHOOL DISTRICT, and MUHLENBERG TOWNSHIP AUTHORITY, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                November 6, 2015

      The plaintiffs brought this action under federal and state law to redress injuries allegedly stemming from lead contamination. Because the state-law negligence claims are grounded in supplemental jurisdiction, their vitality is contingent on whether the federal statutory claims can press forward beyond the pleading stage. In turn, the vitality of the federal claims is contingent on whether they satisfy certain statutory notice requirements. Unfortunately for the plaintiffs, the allegations appearing in the amended complaint, coupled with the position that they took at oral argument, lead to the unmistakable conclusion that the notice requirements have not been satisfied. The court, therefore, is compelled to dismiss the federal claims and relinquish jurisdiction over the state claims. The dismissal is without prejudice, but not because the notice requirements are jurisdictional (as all parties presume them to be). Rather, the dismissal is without prejudice because the parties have not shown that the plaintiffs should be precluded from coming back to federal court once they have complied with the nonjurisdictional conditions, and the notice provisions are among them, imposed on citizen suits by the relevant federal statutes.

## I.   PROCEDURAL HISTORY

The plaintiffs commenced this action by filing a complaint against the defendants on April 23, 2015.[1]  *See* Compl., Doc. No. 1.  In response to numerous motions to dismiss, the plaintiffs filed an amended complaint on August 13, 2015.  *See* Am. Compl., Doc. No. 30.  Attacking the amended complaint, all named defendants subsequently either filed new motions to dismiss or renewed arguments made in previous motions.  *See* Doc. Nos. 35, 37, 40, 42.  The plaintiffs filed a consolidated response in opposition to all outstanding motions on September 8, 2015.  *See* Pls.' Omnibus Sur-Reply to Defs.' Mots. to Dismiss and Reply Brs. in Supp. of Dismissal ("Pls.' Sur-Reply"), Doc. No. 45.  The court held oral argument on the outstanding motions on October 16, 2015.

## II.   DISCUSSION[2]

The motions to dismiss contain a mix of jurisdictional and merits arguments.  At first blush, then, it may seem somewhat curious that the court has already concluded that jurisdiction is secure without entertaining any of the defendants' arguments.  Any confusion quickly dissipates, however, when one realizes that none of these arguments actually go to jurisdiction.  In what follows, the court first explains why this is so.  The court next considers whether any of the arguments, properly understood as primarily raising substantive defenses rather than jurisdictional defects, requires dismissal of the amended complaint.[3]

---

[1] The plaintiffs later voluntarily dismissed the then-named defendant, Exide Technologies.  *See* Notice of Voluntary Dismissal of Exide Technologies, Doc. No. 24.  The plaintiffs also omitted this defendant from the amended complaint.  *See* Am. Compl., Doc. No. 30.

[2] The court has subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and the independent grants of jurisdiction contained in the respective statutes.  *See* 33 U.S.C. § 1365(a); 42 U.S.C. § 6972(a).  The court has supplemental jurisdiction over any related state-law claims pursuant to 28 U.S.C. § 1367(a).

[3] It makes no difference in this case whether the defendants have raised true affirmative defenses or whether they are merely attacking the plaintiffs' failure to fulfill a "condition precedent."  *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1042 (10th Cir. 2015) (explaining this distinction in a different statutory context).  For the reasons set forth in the body of this memorandum opinion, the defendants have carried their moving burden regardless of which party has the burden on the particular issue of notice.

There is no question that some of the defendants contend that the court lacks subject-matter jurisdiction over the federal statutory claims, namely claims brought under the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a), and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a).  For example, the defendant, Berks Products Corp., argues that the amended complaint contains a "jurisdictional defect."  Reply in Supp. of Berks Prods.' Partial Mot. to Dismiss as to Counts One, Two, and Three of Pl.'s Compl. at 2, Doc. No. 35.  Although the concept of jurisdiction sometimes takes on broader significance in some of the motions, it appears that the referred-to "jurisdictional defect" relates to the plaintiffs' alleged failure to satisfy certain statutory notice requirements before filing the instant citizen suit.  Again, a quote, this time from the defendant, Muhlenberg School District, helps illustrate: "[a]s set forth in 33 U.S.C. § 3365 (the CWA) and 42 U.S.C. § 6972 (the RCRA), in order for the Plaintiffs to successfully invoke this Court's jurisdiction, the Plaintiffs were required to provide an extremely specific type of written notice."  Reply Br. in Supp. of Def. Muhlenberg Sch. Dist.'s Mot. to Dismiss Pls.' Compl. Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) at 4, Doc. No. 37.  In fact, when the court raised this issue at oral argument, **all** parties agreed that the notice requirements are jurisdictional.

Unfortunately, this characterization does not hold up.  "For the last decade, the Supreme Court has been on a mission to rein in profligate uses of 'jurisdiction,' a word with 'many, too many, meanings.'"  *Herr v. United States Forest Serv.*, No. 14-2381, 2015 WL 5893830, at *2 (6th Cir. Oct. 9, 2015) (Sutton, J.) (citation omitted).  That is, the Supreme Court has endeavored to "press[] a stricter distinction between truly jurisdictional rules, which govern a court's adjudicatory authority, and nonjurisdictional claim-processing rules, which do not."[4]  *Gonzalez*

---

[4] "Claim-processing rules" are "rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (citations omitted).

3

*v. Thaler*, 132 S. Ct. 641, 648 (2012) (internal quotation marks and citation omitted).  In navigating this distinction, the Supreme Court has laid down the following principle: "[a] rule is jurisdictional [i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional."  *Id.* (internal quotation marks and citation omitted).  While Congress need not use "magic words," "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences."  *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (internal quotation marks and citation omitted).

For present purposes, it is unnecessary for this court to describe at any great length how these principles apply to the statutes at issue in this case.  This discussion is well under way in the higher courts.  It is sufficient for now to note that while the Fifth Circuit has branded the notice provision under the CWA as "a typical claim-processing rule," *Louisiana Environmental Action Network v. City of Baton Rouge*, 677 F.3d 737, 748 (2012) (internal quotation marks and citations omitted), the Seventh Circuit has observed the following with respect to the RCRA:

> In *Hallstrom v. Tillamook County,* 493 U.S. 20, 31 . . . (1989), the Supreme Court declined to decide whether RCRA's notice and 60–day delay requirements for citizen suits are jurisdictional. Under the analysis the Supreme Court has applied more recently to similar questions, the *clear* answer is that they are not.

*Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492 n.3 (7th Cir. 2011) (emphasis added).  Accordingly, the court confronts the defendants' arguments with an understanding that they rest on a merits plane, not a jurisdictional one.[5]

From a procedural standpoint, this reorientation has an important consequence for the standard of review.  Rather than turning to Federal Rule of Civil Procedure 12(b)(1), which allows courts, when necessary, to make independent factual determinations, the court must apply

---

[5] This distinction is "of considerable practical importance for judges and litigants."  *Henderson*, 562 U.S. at 434.  Given the parties' framing of the legal issues, though, this distinction has turned out to play a more subtle role in the disposition of this case.  *See Keohane v. United States*, 669 F.3d 325, 330 (D.C. Cir. 2012) (observing that "nothing . . . turns on the mistaken labeling" (citations omitted)).

Federal Rule of Civil Procedure 12(b)(6), which requires courts to take well-pleaded factual allegations as true. *See S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 344 (3d Cir. 2012) (acknowledging that "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations" (citation omitted)). Under that Rule, "a complaint must be dismissed if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, the complaint fails to show that the plaintiff has a plausible claim for relief." *Swope v. Northumberland Nat. Bank*, No. 14-4020, 2015 WL 4591794, at *2 (3d Cir. July 30, 2015) (internal quotation marks and citation omitted). Presuming that the court is dealing with substantive defenses, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (footnote and citations omitted).

The most powerful merits argument leveled at the federal statutory claims is that the plaintiffs failed to comply with the statutory notice requirements. Concerning the CWA claim, "sixty days before commencing a citizen suit, the citizen must give notice of the alleged violation to the EPA, the alleged violator, and the State in which the alleged violation occurs." *Louisiana Envtl. Action Network*, 677 F.3d at 740 (citation omitted). Likewise, and with respect to the RCRA claim, the notice regime has been described as follows:

> The citizen suit provision of section 6972(b)(2)(A) sets forth the mandatory requirements for bringing a claim of an imminent and substantial endangerment under subsection (a)(1)(B). Such claim requires that a plaintiff provide notice of a violation, at least 90 days prior to bringing suit, to the EPA Administrator, to the state in which the alleged violation occurred, and to 'any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order.' 42 U.S.C. § 6972(b)(2)(A) []. Suits brought under subsection (a)(1)(A), such as an open dumping claim, are subject to the same notice requirements; however, the applicable delay period is 60 days instead of 90 days. 42 U.S.C. § 6972(b)(1)(A) [].

5

*Brod v. Omya, Inc.*, 653 F.3d 156, 165 (2d Cir. 2011).  In addition, "if the action alleges a violation of subchapter III of the statute (which deals with the management of hazardous waste specifically), the 60– and 90–day limits do not apply, and a citizen may file suit immediately after notification."  *Francisco Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 8 (1st Cir. 2009) (citations omitted).

In teasing out the relevant statutory language, which appears to be clear as is, the Supreme Court has held that "the notice and 60–day delay requirements are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion."  *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989).  Relatively recently, the Fourth Circuit applied the "same reasoning" as the Supreme Court in concluding that satisfaction of the notice and delay provisions under the CWA "is a mandatory condition precedent to the commencement of a suit."  *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399 (4th Cir. 2011).  On the other hand, and in determining precisely how these requirements are to be applied, that is whether they are to be strictly or broadly construed, courts have not been in total agreement: while some courts have stated that the "notice requirements are strictly construed to give the alleged violator the opportunity to correct the problem before a lawsuit is filed," other courts have "warn[ed] against an overly technical application of regulatory requirements."  *Mrosek v. City of Peachtree City*, 539 F. App'x 938, 940 (11th Cir. 2013) (internal quotation marks and citation omitted); *Friends of the Earth, Inc.*, 629 F.3d at 400.

While plaintiffs need not anticipate and plead around affirmative defenses (again, presuming that the notice requirements are such defenses), the plaintiffs in this case have fully engaged the notice issue and, what is more, have conceded at oral argument that they did not

6

provide any written notice as contemplated by the applicable statutes.[6] But they attempt to get around this omission in two ways. First, the plaintiffs argue that actual notice is enough. *See* Pls.' Sur-Reply at 2-3, 4-6. Second, they maintain that their RCRA claim falls within the subchapter III exception. *See id.* at 3-4, 6. Both arguments are unavailing.

Turning first to the actual notice argument, the plaintiffs place this argument squarely on the shoulders of *Proffitt v. Commissioners, Bristol Twp.*, 754 F.2d 504 (3d Cir. 1985). In that case, decided before *Hallstrom*, the Third Circuit held that "notice-in-fact" was sufficient to satisfy the notice requirements under the CWA and the RCRA. *See Proffitt*, 754 F.2d at 506. Now that the Court has decided *Hallstrom*, however, this court cannot overlook it. Quite simply, *Proffitt*'s discussion of notice is inconsistent not only with the letter and spirit of *Hallstrom* (which is enough), but also with the spirit of the more recent cases that are concerned with giving the notice requirements a hyper-literal interpretation.[7] Even in those cases, the discussion focuses on the sufficiency of the notice-letter, not on whether notice needs to be provided in the first instance. *See Mrosek*, 539 F. App'x at 940 (holding that "the district court erred in concluding that the Mroseks' pre-suit notice was insufficient" (citation omitted)); *Ecological Rights Found. v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 519 (9th Cir. 2013) (observing that "ERF's notice letters were not deficient"); *Paolino v. JF Realty, LLC*, 710 F.3d 31, 36 (1st Cir. 2013) (stating that "[t]he primary issue on appeal is whether the district court erred in finding

---

[6] Without the benefit of oral argument, the propriety of reaching the notice issue at this stage would have been less clear given some of the allegations in the amended complaint. *See* Am. Compl. at ¶¶ 26, 51.

[7] Some courts have explicitly noted the interaction between *Proffitt* and *Hallstrom*. *See Blumenthal Power Co., Inc. v. Browning-Ferris, Inc.*, No. 94CV2612, 1995 WL 1902124, at *4 n.2 (D. Md. Apr. 19, 1995) (stating that "[t]he *Hallstrom* decision mentioned *Proffitt* and then flatly rejected *Proffitt* and the Third Circuit's pragmatic approach to the notice requirement" (internal quotation marks and citation omitted)); *Evco Assocs., Inc. v. C.J. Saporito Plating Co.*, No. 93 C 2038, 1994 WL 687552, at *3 (N.D. Ill. Dec. 7, 1994) (stating that "the Supreme Court in *Hallstrom* decided in favor of the strict jurisdictional approach of the First, Sixth, and Seventh Circuits, and rejected the Third Circuit's pragmatic approach"); *Raymond Proffitt Found., Inc. v. Reilly*, No. 89-6891, 1990 WL 21117, at *2 (E.D. Pa. Mar. 7, 1990) (stating that "we cannot, as much as we might wish to do so, obstinately adhere to the decisions of our Court of Appeals in *Proffitt* and *Pymatuning Water* which preceded *Hallstrom* in the light of the teaching of the Supreme Court in *Hallstrom*" (emphasis added)).

that the contents of plaintiffs' pre-suit Notice were insufficiently specific"); *Friends of the Earth, Inc.*, 629 F.3d at 400 (stating that "[b]ased on our holding that compliance with 40 C.F.R. § 135.3(a) is a mandatory condition precedent to filing suit under the Clean Water Act, the issue of the sufficiency of the plaintiffs' notice letter, at its core, presents a legal defense to the plaintiffs' claim"); *see also Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency*, 126 F.3d 461, 472 (3d Cir. 1997) (noting that a prior Third Circuit case, decided after *Hallstrom*, focused "on the *contents* of the notification given and not, as was the case in *Hallstrom,* on whether notice was in fact *given*" (emphasis in original)).  In short, the plaintiffs' actual notice argument has been abrogated by developments after the Third Circuit decided *Proffitt*.

The subchapter III exception also cannot save any of the federal statutory claims.  That exception dispenses with the delay, not the notice, requirement for RCRA claims.  *See Hallstrom*, 493 U.S. at 26-27 (concluding that "Congress could have excepted parties from complying with the *notice or delay requirement*; indeed, it carved out such an exception in its 1984 amendments to RCRA. See, *e.g.,* 42 U.S.C. § 6972(b)(1)(A) . . . (abrogating the 60–day *delay requirement* when  . . ." (emphasis added)).  As the plaintiffs have conceded that they did not provide written notice, the exception is never ignited.

Because these two arguments exhaust the plaintiffs' discussion of the statutory notice requirements, the court grants the defendants' motions to dismiss to the extent that the dismissal of the federal claims is understood to be on the merits, and not for want of jurisdiction.  The dismissal, however, is still without prejudice.  *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 489 (2d Cir. 2001) (remanding claims to the district court "with direction that they be dismissed without prejudice to refiling after full compliance with" statutory notice requirements).  Given this disposition, the court declines to exercise supplemental jurisdiction over any related state-law claims.  *See Borough of W. Mifflin*

*v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (holding that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so" (citations omitted)). In fact, the plaintiffs agreed at oral argument that this would be the proper disposition should the court dismiss the federal claims.

### III. CONCLUSION

Understanding this case as set forth in this memorandum opinion, the court is constrained to dismiss the federal and state claims alike. Having nothing to do with subject-matter jurisdiction, both dismissals are without prejudice.

The court will issue a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.